UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 357, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01066-WTL-MJD |
| | ) | |
| REPUBLIC AIRLINE, INC., | ) | |
| SHUTTLE AMERICA, INC., | ) | |
| REPUBLIC AIRWAYS HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO DEFER BRIEFING DEFENDANTS' RULE 12
MOTION TO PERMIT DISCOVERY AND FOR LEAVE TO SERVE DISCOVERY OR
ALTERNATIVELY FOR AN AUTOMATIC INITIAL EXTENSION**

This matter is before the Court on the above-referenced Motion filed by Plaintiff. [Dkt. 16.] For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

On July 9, 2015, Plaintiff filed a Complaint alleging Defendants do not have an existing contractual right to provide additional pay to pilots who agree to perform unassigned flying on their days off or to provide signing bonuses to prospective new hire pilots to incentivize them to accept offers of employment. Plaintiff asserts these payments constitute an impermissible change of status quo, and thus raise a "major dispute" under the Railway Labor Act, 45 U.S.C. § 151 *et seq*. (the "RLA") that must be resolved by a federal court. Defendants filed a Motion to Dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction on the basis that the Complaint raises a "minor dispute" under the RLA which is subject to the exclusive arbitration jurisdiction of the appropriate System Board of Adjustment ("System Board"). [Dkt. 13 and 14.]

In support of its position, Defendants attached three declarations of Defendants' employees and 27 exhibits.

The issue before the Court is whether Plaintiff is permitted to conduct discovery prior to filing its response to Defendants' Motion to Dismiss.  Parties may challenge subject matter jurisdiction based upon a facial or factual attack.  A facial challenges requires only that the court review the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009).  A factual attack, on the other hand, concedes that while the complaint is formally sufficient, there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003). A party mounting a factual attack to jurisdiction may use affidavits and other material in support of a motion to dismiss under Rule 12(b)(1). *Id.* The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) issue. *Id.*  The court can then weigh the evidence to determine whether jurisdiction exists.  *See Wallenfang v. Havel,* 707 F. Supp. 2d 800, 806 (E.D. Wis. 2010).

Here, Defendants advance a factual challenge to the Court's subject matter jurisdiction over the dispute. They contend that based on "longstanding unchallenged past practice as well as contract language," Defendants do have an existing contractual right to provide the compensation at issue (relegating the matter to "minor dispute" status and mandatory arbitration) as established by the more than 200 pages of evidence attached to their Motion to Dismiss. Prior to responding to Defendants' motion, Plaintiffs seek leave to conduct discovery focused upon the declarations and exhibits submitted by Defendants. As Plaintiff bears the ultimate burden of proof on the issue of subject matter jurisdiction, the Court finds this to be reasonable request.  In fact, to deny Plaintiff the ability to challenge Defendants' declarations could be construed as an

abuse of discretion.  *See Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999) (holding the district court abused its discretion by relying upon an affidavit from defendant's manager as to subject matter jurisdiction "when plaintiff had no real opportunity to contest the allegation . . . Given its source and content, in the circumstances the affidavit was not by itself credible, and the trial court erred in relying upon it without further inquiry.")

Therefore, Plaintiff's *Motion to Defer Briefing Defendants' Rule 12 Motion to Permit Discovery and for Leave to Serve Discovery, or Alternatively for an Automatic Initial Extension* is **GRANTED**.  [Dkt. 16.]  The Court deems Plaintiff's First Request for Production of Documents to Defendants [Dkt. 16-1] and Plaintiff's First Request for Interrogatories to Defendants [16-2] to have been served.  Defendants shall provide responses thereto on or before **September 28, 2015**.  The parties will discuss any further need for jurisdictional discovery at the initial pretrial conference on September 15, 2015.  Upon completion of jurisdictional discovery, the Court will set a briefing schedule for the pending Motion to Dismiss.


Date:  09/04/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jason R. Delk
DELK MCNALLY
delk@delkmcnally.com

David J. Carr
ICE MILLER LLP
david.carr@icemiller.com

Paul Conrad Sweeney
ICE MILLER LLP
paul.sweeney@icemiller.com

Aparna B. Joshi
O'MELVENY & MYERS LLP
ajoshi@omm.com

Robert  Siegel
O'MELVENY & MYERS LLP
rsiegel@omm.com